FILED
2019 Mar-22 AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

CHRISTOPHER HILL,  }
      Plaintiff,  }
v.  }    Case No.: 3:17-cv-2125-MHH
NANCY A. BERRYHILL,  }
**Acting Commissioner of Social Security,**  }
      Defendant.  }

## MEMORANDUM OPINION

Mr. Hill filed this Social Security appeal on December 18, 2017. (Doc. 1). On November 30, 2018, the magistrate judge entered a report in which he recommended that the Court affirm the Commissioner's decision denying Mr. Hill's claim for Disability Insurance Benefits. (Doc. 13, pp. 1, 30). The magistrate judge advised the parties of their right to file objections within 14 days. (Doc. 10, pp. 30-31). To date, no party has filed objections to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain

error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1] The Court finds no misstatements of law in the report and no plain error in the magistrate judge's description of the relevant facts.

Given the absence of objections, the Court will accept the magistrate judge's recommendation, but the Court does so only because of the procedural posture of this case. Had this Court made the initial decision in this appeal, the Court would have remanded this case for further proceedings. Mr. Hill suffers from mental health conditions that are so severe that he had to undergo electroconvulsive therapy (ECT) three times per week between October 2016 and December 2016. (Doc. 13, p. 16). The ALJ was made aware of the first 12 of these treatments in November 2016 when Mr. Hill's attorney submitted to the ALJ a letter from Dr. Kumaramangalam, one of Mr. Hill's treating psychiatrists. In the letter, Dr. Kumaramangalam discussed the treatments. (Doc. 7-18, pp. 49-50). Dr. Kumaramangalam wrote that when he saw Mr. Hill on November 9, 2016, Mr. Hill "was very depressed, psychomotor retarded with no drive or motivation and cognitive decline." (Doc. 7-18, p. 50). In his opinion, the ALJ acknowledged that Mr. Hill has received a number of significant mental health diagnoses from Dr.

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

Kumaramangalam and others, but the ALJ disregarded much of the information in Dr. Kumaramangalam's treatment notes because the notes are mostly illegible, and Dr. Kumaramangalam was not willing to transcribe his notes for Mr. Hill's attorney. (Doc. 7-3, p. 14; Doc. 7-18, p. 49). The ALJ acknowledged that Mr. Hill had received "Electro-vestive treatment times 12" from Dr. Mahaffey, but the ALJ did not request Dr. Mahaffey's treatment records.

Because social security proceedings are not adversarial, an ALJ "has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *see also Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999). "Treating physicians should be re-contacted when the evidence from that physician is insufficient to determine whether the claimant is disabled." *Prince v. Commissioner, Soc. Sec. Admin.*, 551 Fed. Appx. 967, 972 (11th Cir. 2014). In evaluating whether an ALJ's failure to develop the record requires remand, a court "must decide 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Prince*, 551 Fed. Appx. at 972 (quoting *Brown v. Shalala,* 44 F.3d 931, 935 (11th Cir. 1995)). This court and other courts in this circuit, following persuasive authority from other circuit courts of appeal, have held that remand is appropriate when an ALJ fails to seek clarification and supplementation of important evidentiary material that is illegible. *See Hughes v. Berryhill*, 2017 WL 4099884 (N.D. Ala. Sept. 15, 2017) and cases cited in *Hughes*.

Here, the ALJ had a duty to develop information concerning Mr. Hill's mental health deficits by pursuing clarification from Dr. Kumaramangalam and records from Dr. Mahaffey. If Dr. Kumaramangalam was unwilling to transcribe his notes recounting his many months of treating Mr. Hill for Mr. Hill's attorney, then the ALJ should have contacted Dr. Kumaramangalam. *See Cole v. Berryhill*, 2017 WL 4124871 (N.D. Ala. Sept. 18, 2017). And the ALJ should have requested records from Dr. Mahaffey. Had he done so, he would have learned that in September 2016, Dr. Mahaffey diagnosed Mr. Hill with uncontrolled bi-polar disorder, uncontrolled generalized anxiety disorder, and uncontrolled agoraphobia with panic disorder, and Dr. Mahaffey described Mr. Hill as high risk. (Doc. 7-5, p. 4). In September 2016, Dr. Mahaffey reported that Mr. Hill's eye contact was poor and avoidant, his thought process was dull, and his memory was impaired, and he was partially non-verbal. (Doc. 7-5, p. 20). The magistrate judge's opinion describes additional significant information contained in Dr. Mahaffey's records. (Doc. 13, pp. 15-19). If the Court were writing on a clean slate, the Court would find that the failure to gather this information created an evidentiary gap that was unfair to Mr. Hill.

Because of the posture of this case, the Court will issue a separate final judgment affirming the Commissioner's decision.

**DONE** this 22nd day of March, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE